UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CASE NO. 1:08-CR-0292-SLB-JHE |
| ) | |
| JAMES WILLIE ASKEW, III, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant's Motion for an Amended Judgment Pursuant to the First Step Act. (Doc. 31.)[1] In addition to the Motion for an Amended Judgment, the court has reviewed the Government's Response and Opposition to the Motion, (doc. 34), and Askew's Reply to the Hovernment's Response, (doc. 35), as well as the Government's Notice of Recently Discovered Persuasive Authority, (doc. 36 [citing *United States v. Stowers*, 2019 WL 1398073 (W.D. Va. Mar. 28, 2019)]), and Askew's Response, (doc. 37). Because the court finds defendant has completed the sentence imposed in this case, his Motion for an Amended Judgment is **DENIED**.

This court sentenced defendant, James Willie Askew, to a total imprisonment term of 120 months – 60 months on Count One followed by 60 months on Count Two. (Doc. 20 at 1-2.) After the Judgment was entered in this case, Askew was sentenced to a 240-month sentence to be served consecutive to this court's sentence. (*See United States v. Askew*, Case No. 1:08-CR-204-LSC-TMP, doc. 80 at 2.) Despite the fact that Askew has served more

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

than 120 months, he contends this motion is not moot; he argues:

> 9. Title 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."
>
> 10. The statute invoked here is the First Step Act of 2018, which provides that a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, § 404.
>
> 11. As explained below, the Bureau of Prisons does not consider that Mr. Askew [has] "served" the sentence in the instant case and Mr. Askew has a legally cognizable interest in a reduction of the sentence in the instant case because his total term of imprisonment will be reduced if the instant sentence is reduced. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(per curiam) (recognizing that a case is not moot when a party has a legally cognizable interest in the outcome).
>
> 12. The attached computation sheet shows that the Bureau of Prisons has aggregated the instant case and Case No. 1:08-CR-204-LSC-TMP such that Mr. Askew is serving a term of 360 months. (Exhibit A[, doc. 31-1,] at 3.)
>
> 13. The Bureau of Prisons has aggregated the sentences pursuant to 18 U.S.C. § 3584, which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.") (citing . . . 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")).
>
> 14. If Mr. Askew receives a reduction in the instant case, the Bureau of Prisons would credit that reduction toward the aggregate sentence. . . .

(Doc. 31 ¶¶ 9-14.)

The Eleventh Circuit has held that § 3584(c) does not have the effect of "aggregating" the terms of imprisonment arising from distinct judicial decisions for ***all*** purposes:

> Llewlyn also relies heavily on 18 U.S.C. § 3584(c), which provides that multiple terms of imprisonment "shall be treated *for administrative purposes* as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c)(emphasis added). But district courts' judicial decisions under § 3582 do not constitute an "administrative purpose." This language instead refers to the Bureau of Prisons' administrative duties, such as computing inmates' credit for time served. *See United States v. Vaughn*, 806 F.3d 640, 643-44 (1st Cir. 2015) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for *administering* the sentence." (quoting *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992))); *see also United States v. Zoran*, 682 F.3d 1060, 1062 n.2 (8th Cir. 2012) (noting that § 3584(c) "merely instructs the Bureau of Prisons in administering sentences"). We also note that every other circuit to have considered similar arguments has rejected them. *See United States v. Chapple*, 847 F.3d 227, 230 (5th Cir. 2017); *Vaughn*, 806 F.3d at 643-44; *United States v. Parker*, 472 Fed. Appx. 415, 417 (7th Cir. 2012); *United States v. Gamble*, 572 F.3d 472, 474 (8th Cir. 2009).
>
> As the United States Court of Appeals for the First Circuit pointed out in *Vaughn*, extending § 3584(c) to this situation would "essentially rewrite the statute to extend aggregation to *all* purposes." 806 F.3d at 644 (emphasis in original). We agree with *Vaughn*'s reasoning and decline to adopt such a broad reading of the statute. *See Parker*, 472 Fed. Appx. at 417 (concluding that consecutive sentences may be aggregated by the BOP for administrative purposes, but remain "distinct terms of imprisonment" imposed for separate convictions).

*United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018). Therefore, the court does not "aggregate" Askew's sentence in this case with any sentence imposed in a separate case by another judge for purposes of determining whether a reduction in the sentence in this case would have the effect of reducing Askew's sentence to less than time served. Because his sentence in Case No. 1:08-CR-204-LSC-TMP was to be served after the sentence in this

3

case, the court finds that Askew has completed his term of imprisonment in this case.

When the Sentencing Commission lowers a sentencing range after a defendant is sentenced, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "A court must first determine that a reduction is consistent with § 1B1.10 [of the Sentencing Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."[2] *Dillon v. United States*, 560 U.S. 817, 826 (2010). Subsection 1B1.10(b)(2)(C) prohibits a court from reducing a term of imprisonment to a period "less than the term of imprisonment the defendant has already served." Because Askew has already served 120 months, the sentence in this case, his Motion for an Amended Judgment is not "consistent with applicable policy statements issued by the Sentencing Commission," namely § 1B1.10(b)(2)(C).

---

[2]The Court held:

> Section 3582(c)(2) instructs a district court to "conside[r] the factors set forth in section 3553(a) to the extent that they are applicable," but it authorizes a reduction on that basis only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" – namely, § 1B1.10. The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).

*Dillon v. United States*, 560 U.S. 817, 826 (2010).

Therefore, Askew's Motion for an Amended Judgment Pursuant to the First Step Act, (doc. 31), is **DENIED**.

**DONE** this 9th day of October, 2019.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE